UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Francis Brown | Civil Action No. 11-736 |
| versus | Judge Tucker L. Melançon |
| Burl Cain, Warden, Louisiana State Penitentiary | Magistrate Judge Hanna |

**ORDER**

Before the Court is pro se petitioner Francis Brown's Motion Under Rule 60(b) moving "the Court to re-open the case" pursuant to Federal Rule of Civil Procedure 60(b)(5), or alternatively, 60(b)(6). *R. 33.* Petitioner's motion, in essence, challenges the exclusion of evidence he attempted to offer during his December 2007 Louisiana state court criminal trial for second degree murder.  On May 11, 2012, the Court denied petitioner's motion for summary judgment and dismissed with prejudice his petition for habeas corpus, *R. 26*, adopting the United States Magistrate Judge's findings and conclusions as to each of the individual issues raised by Brown's petition.  As petitioner's Rule 60(b) motion now before the Court is equivalent to a second and successive habeas petition prohibited by 28 U.S.C. § 2244(b)(1), his motion will be **DENIED.**

Section 2244(b)(1) states that a "claim presented in a second or successive habeas corpus application under section 2254 that was presented in a prior application shall be dismissed."  28 U.S.C. § 2244(b)(1).  This section's restriction on second or successive habeas applications serves as a "gate-keeper by preventing the repeated filing of habeas petitions that attack the prisoner's underlying conviction." *Williams v. Thaler*, 602 F.3d 291, 301 (5th Cir. 2010) (internal

citation omitted).[1] In *Gonzalez v. Crosby*, the Supreme Court stated that a "second or successive habeas corpus application," masquerading as a motion for relief from a judgment or order under Rule 60(b), must be "dismissed" under section 2244(b)(1) if the motion contains a "claim," that is, "an asserted federal basis for relief from a state court's judgment of conviction." 545 U.S. 524, 530 (2005). A Rule 60(b) motion can "be said to bring a 'claim'" for habeas relief if it "attacks the federal court's previous resolution of a claim *on the merits*,"[2] because "alleging that the court erred in denying habeas relief on the merits is effectively indistinguishable from alleging that the movant is, under the substantive provisions of the statutes, entitled to relief." *Id.* at 532 (emphasis in original). If, on the other hand, the Rule 60(b) motion attacks "not the substance of the federal court's resolution of a claim on the merits, but some defect in the integrity of the federal habeas proceedings," the Rule 60(b) motion will not be treated like a "second or successive" habeas corpus application. *Id.* at 532-33. Therefore, only if "neither the motion itself nor the federal judgment from which it seeks relief substantively addresses federal grounds for setting aside the movant's state conviction" can the district court allow "the [Rule 60(b)] motion to proceed as denominated [by the petitioner]" without creating any "inconsistency with the habeas statute or rules." *Id.* at 533. It is thus clear that when a district court rules on a

---

[1] The record of this proceeding evinces that petitioner has not satisfied the threshold criteria for properly filing a second or successive habeas petition. "Before a second or successive application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). "The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)(2)(A)-(B)]." No such authorization has been given by the United States Court of Appeals for the Fifth Circuit in this proceeding.

[2] The term "on the merits" as used in *Gonzalez* refers to a "determination that there exist or do not exist grounds entitling a petitioner to habeas corpus relief under 28 U.S.C. § 2254(a) and (d)." *Id.* at 532 n.4.

2

habeas petition and holds that there was no ground entitling the petitioner to habeas corpus relief under 28 U.S.C. 2254(d), such a decision is "on the merits," and any Rule 60(b) motion thereafter challenging the merits-based ruling is a "second or successive habeas application" that must be dismissed. *See, e.g.*, *Ruiz v. Quarterman*, 504 F.3d 523, 526 (5th Cir. 2007).

Here, the petitioner argues that his habeas case should be "re-open[ed]" pursuant to Rule 60(b)(5) or Rule 60(b)(6) because of the state trial court's erroneous exclusion of "third-party guilt evidence" he sought to introduce during his criminal trial. *R. 33*. The arguments in his motion now pending before the Court—that the trial court improperly considered only the prosecution's evidence, without a full consideration of evidence he had sought to offer that would have "cast doubt" on the prosecution's evidence, *see R. 33, p. 3-4*—is nothing more than a repackaging of the substantive argument already put forward in his habeas petition under a new label. In his original habeas petition, Brown alleged that the state "trial court and the court of appeal erred in restricting the defense effort to show that some other person killed the victim," and that the trial court's exclusion of the evidence under the Louisiana Civil Code's rules on hearsay and relevance—a ruling upheld by the Louisiana Third Circuit Court of Appeal—amounted to the denial of due process under the United States Constitution. *R. 1, p. 9*. The Magistrate Judge's Report and Recommendations analyzed petitioner's claim that the Louisiana trial court's evidentiary rulings violated his "federal constitutional right to due process" on the merits. *R. 22*. The Magistrate Judge found not only that petitioner did "not establish[] that the court of appeals' findings of fact and conclusions of law with regard to these evidentiary rulings were erroneous[,] much less unreasonable," but that petitioner also failed to show that the evidentiary rulings had a "substantial or injurious effect or influence over the

verdict," holding specifically that "with regard to the issues raised [related to the evidentiary rulings,] petitioner is not entitled to *habeas corpus* relief." *R. 22, p. 8-9*. This Court thereafter concluded, following an independent review of the record and petitioner's objections to the Report and Recommendations, that the Magistrate Judge's rulings on all issues were correct, adopted his findings, and entered Judgment dismissing the petition with prejudice. *R. 26*.

Petitioner's Rule 60(b) motion is merely a second attempt at habeas corpus relief that attacks the merits of this Court's previous resolution of his habeas petition against him. Petitioner has alleged no "defect in the integrity of the federal habeas proceedings," such as a "failure to exhaust, procedural default, or statute-of-limitations bar," prohibiting this Court from reaching a determination on the merits on his first habeas corpus application, that would allow his Rule 60(b) motion to survive this threshold issue and be evaluated on its merits. *See Gonzalez*, 545 U.S. at 532 & n.4. As petitioner's claim, "although labeled a Rule 60(b) motion, is in substance a successive habeas petition," *id.* at 531, it must be dismissed pursuant to the statutory language of 28 U.S.C. § 2244(b)(1). For the foregoing reasons, it is

**ORDERED** that petitioner's Motion Under Rule 60(b), *R. 33*, be **DENIED.**

**THUS DONE AND SIGNED** at Lafayette, Louisiana, this 7th day of December, 2012.

_____
Tucker L. Melançon
UNITED STATES DISTRICT JUDGE